Per curiam

We wish for time to consider of this question ; and that a special verdict or statement of facts in some form may be made, that will put it in our power to .pass judgment hereafter, when we shall have had time to look over the authorities cited, as well as any others that may tend to throw light upon the subject. This was agreed to by the counsel, and a special verdict found, which stated the above facts. After some days taken to •consider, the court gave judgment.
. Per curiam — We have considered of this case with attention, and have looked over the authorities upon the subject, as well those cited at the bar, as also a case ia 3 Term, 353, and other cases found in the different Reporters. We have in fact, been averse to delating this to be a case of usury within the act, because in that event, the principal sum secured by this bond, which is a just debt, will be lost as well as the unlawful interest secured by the note, but the authorities in the books are too strong to be surmounted. Any shift or device whatsoever, to take more than the interest allowed, and particularly the device of securing the principal and interest by distinct assurances, is incompetent to the purpose of taking the c»se out of the operation of the act. If the contract itself, is upon the whole face of it, a contract to have a greater premium than the law allows, it is void, whether it remains a parol contract, or becomes clothed with legal solemnities ; as is siso, every security or assurance founded upon it, whether one only, or more. This is the true meaning of the act. Without any adjudged, case, we should be bound to decide in the same manner — -were *388 ¿he act to be evaded by so simple a contrivance as that of taking two securities, the one for principal, the otiier for the unlawful premium, it would answer no purpose whatsoever. The 13 dollars received, is above the rate allowed by law'- — and should we decide that the contract is not usurious, so as to avoid the bond, immediately the Defendant may sue for the double value, upon the last clause of the act. Wherefore let judgment be for the Defendant, and it was entered^accordingly.
Note. — Vide Carter v. Brand, Conf. Rep. 28.